IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLINTON JAMES PEARSON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:25-CV-1014-WKW ) [WO] |
| ELLEN BROOKS, *et al.*, | ) ) |
| Defendants. | ) |

# ORDER

Plaintiff Clinton James Pearson, Jr., a state inmate proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983. (Doc. # 1.) In his complaint, Plaintiff alleges "kidnapping – conspiracy to de[fraud] [and] attempted murder," stating that he "won a case against the state." (Doc. # 1 at 2, 3.) He also alleges that he has served more time than he should have. (*See* Doc. # 1 at 5.) As relief, Plaintiff requests that the court "[d]rop all charges and release [him] as soon as possible." (Doc. # 1 at 4.)

Because Plaintiff is challenging the fact or duration of his sentence pursuant to a state-court judgment, his complaint is properly characterized as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 498–500 (1973); *see also Pickett v. Wise*, 849 F. App'x 904, 905 (11th Cir. 2021) ("[W]hen a state prisoner is challenging the fact or duration of his incarceration, and he seeks a determination that he is entitled to either immediate

release or a speedier release from prison, his sole federal remedy is a writ of habeas corpus.").

In compliance with *Castro v. United States*, 540 U.S. 375, 382–83 (2003), Plaintiff is ADVISED of the court's intent to recharacterize his complaint (Doc. # 1) as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff is CAUTIONED that this recharacterization subjects his § 2254 petition (and any subsequent § 2254 petition) to the procedural limitations for § 2254 petitions. Specifically, Plaintiff is CAUTIONED that his § 2254 petition (and any subsequent § 2254 petition) is subject to the one-year limitations period and the successive-petition bar applicable to § 2254 petitions.[1]

Based on the foregoing, Plaintiff is ORDERED to inform the court, on or before **January 20, 2026**, whether he wishes to

(1) Proceed before this court under 28 U.S.C. § 2254 on the claims in his petition (Doc. # 1);

(2) Amend his petition to assert any additional claims challenging the fact or duration of his confinement under 28 U.S.C. § 2254; or

(3) Withdraw his petition.

---

[1] "A 1-year period of limitation shall apply to an application [for habeas corpus relief pursuant to 28 U.S.C. § 2254]." 28 U.S.C. § 2244(d)(1). Furthermore, "[b]efore a second or successive application [for habeas corpus relief pursuant to 28 U.S.C. § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).

Plaintiff is CAUTIONED that his failure to file a timely response in compliance with this Order will result in dismissal of this action without further notice.

DONE this 30th day of December, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE