IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLINTON JAMES PEARSON, JR., ) <br> AIS # 155536, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELLEN BROOKS, *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 2:25-CV-1014-WKW <br> [WO] |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

Plaintiff Clinton James Pearson, Jr., a state inmate serving his sentence in the custody of the Alabama Department of Corrections, filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. # 1.) In his threadbare complaint, Plaintiff alleges "kidnapping – conspiracy to de[fraud] [and] attempted murder," stating that he "won a case against the state." (Doc. # 1 at 2, 3.) He also claims that he has served more time than he should have. (*See* Doc. # 1 at 5.) As relief, Plaintiff requests that the court "[d]rop all charges and release [him] as soon as possible." (Doc. # 1 at 4.) Plaintiff's § 1983 complaint will be dismissed for two reasons: First, because Plaintiff has failed to prosecute and comply with an order of the court; second, because Plaintiff's complaint is frivolous under 28 U.S.C. § 1915A(b)(1).

## II.  DISCUSSION

A. **Dismissal of this action is warranted because Plaintiff has failed to prosecute and comply with an order of the court.**

By Order issued on December 30, 2025 ("December 30 Order"), Plaintiff was advised of the court's intent to recharacterize his § 1983 complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. # 3.) The December 30 Order instructed Plaintiff to inform the court whether he wishes to (1) proceed with a § 2254 habeas petition, (2) amend his § 2254 petition to assert any additional claims challenging the fact or duration of his confinement, or (3) withdraw his petition. (Doc. # 3 at 2.)  The December 30 Order set a deadline of January 20, 2026, for Plaintiff to inform the court of how wants to proceed and cautioned Plaintiff that his failure to file a timely response would result in dismissal of this action. (Doc. # 3 at 2, 3.)

To date, Plaintiff has not filed a response to the December 30 Order as instructed, and his failure to do so warrants dismissal. A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962);

2

*see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

Based on Plaintiff's failure to prosecute and comply with the December 30 Order, this action will be dismissed.

**B.     Dismissal of this action is warranted because Plaintiff's claims are frivolous under 28 U.S.C. § 1915A.**

Under 28 U.S.C. § 1915A, a district court is required to review, as soon as practicable, a prisoner's civil complaint in which the prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. § 1915A(a). During this review, the court must dismiss the complaint, or any portion thereof, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. § 1915A(b)(1). An action is "frivolous" if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

As previously stated in the December 30 Order, Plaintiff is challenging the fact or duration of his sentence—as opposed to the conditions of his confinement—pursuant to a state-court judgment. The proper way for a state inmate to challenge the fact or duration of his sentence is through a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 498–500 (1973); *see also Pickett v. Wise*, 849 F. App'x 904, 905 (11th Cir. 2021) (per curiam) ("[W]hen a state prisoner is challenging the fact or duration of his incarceration, and

3

he seeks a determination that he is entitled to either immediate release or a speedier release from prison, his sole federal remedy is a writ of habeas corpus.").

"[A] civil rights action under [42 U.S.C.] § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration." *Cook v. Baker*, 139 F. App'x 167, 168 (11th Cir. 2005) (per curiam).  In *Cook*, the Eleventh Circuit affirmed the district court's dismissal of the plaintiff's 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915A(b)(1). *Id.* at 169.  The court reasoned that the district court's dismissal of the complaint as frivolous was proper "because [the plaintiff's] exclusive remedy for his claim [was] to file a habeas corpus petition pursuant to 28 U.S.C. § 2254 since his claim challenge[d] the propriety of his conviction and sentence, as well as the execution of his sentence, rather than the conditions of his confinement." *Id.*

Similarly, Plaintiff's 42 U.S.C. § 1983 claims will be dismissed as frivolous because they challenge the fact or duration of his incarceration, rather than the conditions of his confinement.  Such claims must be brought in a habeas petition under 28 U.S.C. § 2254.

C. **The procedural limitations for § 2254 habeas petitions and the applicability of those limitations in the case at bar.**

Because the exclusive avenue for the relief sought by Plaintiff is a § 2254 habeas petition, Plaintiff is advised of the procedural limitations for § 2254 habeas petitions.  First, § 2254 petitions are subject to a one-year limitations period.  *See* 28

4

U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application [for habeas relief pursuant to 28 U.S.C. § 2254]."). Second, § 2254 petitions are subject to a successive-petition bar. *See* § 2244(b)(3)(A) ("Before a second or successive application [for habeas relief pursuant to 28 U.S.C. § 2254] is filed in the district court, the application shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

According to electronic records available on PACER, Plaintiff previously filed five § 2254 petitions and two actions under 42 U.S.C. § 1983, which were recharacterized as habeas petitions under 28 U.S.C. § 2254 and dismissed. Because Plaintiff already has sought relief using a § 2254 habeas petition, the successive-petition bar requires that he seek permission from the United States Court of Appeals for the Eleventh Circuit before filing any subsequent petition. *See* 28 U.S.C. § 2244(b)(3)(A).

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and comply with the December 30 Order, this action will be dismissed. That dismissal ordinarily would be without prejudice. However, Plaintiff's claims were improperly brought in a civil rights action under 42 U.S.C. § 1983. These claims can only be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

5

Accordingly, it is ORDERED that Plaintiff's 42 U.S.C. § 1983 claims are DISMISSED with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1).

Final Judgment will be entered separately.

DONE this 28th day of January, 2026.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE